IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GULF INSURANCE COMPANY,

        Plaintiff,                  No. CIV S-03-1351 MCE KJM

    vs.

HI-VOLTAGE WIRE WORKS, INC., et al.,

        Defendants.            <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff's motion for entry of default judgment against defendant Hi-Voltage Wire Works, Inc. dba Power Providers is pending before the court. Upon review of the motion and the supporting documents and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Power Providers on July 10, 2003. <u>Compare</u> <u>Pacific Atlantic Trading Co. v. M/V Main Express</u>, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction). Defendant's answer was stricken from the record for failure to obtain counsel to represent the corporate defendant. Default was entered on June 2, 2004.

        Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party. <u>Geddes v. United Financial Group</u>, 559 F.2d 557 (9th Cir. 1977). Entry of default judgment is proper where, as in the present case, the facts established by

1  the default support the causes of action pled in the complaint.  The complaint and the affidavits
2  filed in support of the motion for entry of default judgment also support the finding that plaintiff
3  is entitled to the relief in the form of damages requested in the prayer for default judgment, which
4  does not differ in kind from the relief requested in the complaint.  <u>Henry v. Sneiders</u>, 490 F.2d
5  315, 317 (9th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 832 (1974).  There are no policy considerations in this
6  instance that preclude the entry of default judgment of the type requested.  <u>See</u> <u>Eitel v. McCool</u>,
7  782 F.2d 1470, 1471-72 (9th Cir. 1986) (listing seven factors to be considered in determining
8  entry of default judgment).

9         At hearing on this matter, counsel waived plaintiff's claim for attorney's fees and
10 costs  as against the defaulting defendant.

11        In view of the foregoing findings, it is the recommendation of this court that
12 plaintiff's motion for entry of default judgment against defendant Hi-Voltage Wire Works, Inc.
13 dba Power Power Providers, in the amount of $496,024.77, be GRANTED.

14        These findings and recommendations are submitted to the Honorable Morrison C.
15 England, United States District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).
16 Within ten days after being served with these findings and recommendations, any party may file
17 written objections with the court and serve a copy on all parties.  Such a document should be
18 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
19 objections shall be served and filed within ten days after service of the objections.  The parties
20 are advised that failure to file objections within the specified time may waive the right to appeal
21 the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
22 DATED:  April 28, 2005.

                                                          UNITED STATES MAGISTRATE JUDGE

26 006 g ulfins.def.final