1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

                            ----oo0oo----

11

12   GULF INSURANCE COMPANY, a
     Missouri corporation,
13                                      NO. CIV. S 03-1351 MCE KJM
             Plaintiff,
14
          v.                            MEMORANDUM AND ORDER
15
     HI-VOLTAGE WIRE WORKS, INC.
16   dba POWER PROVIDERS, a
     California corporation; STEVE
17   K. ZINNEL, an individual;
     MICHELLE M. ZINNEL, an
18   individual,

19           Defendant.

20                          ----oo0oo----

21

22        Plaintiff Gulf Insurance Company has asked the Court to

23   grant summary adjudication against Defendant Steve K. Zinnel

24   ("Defendant") on its claims for express indemnity and breach of

25   contract.  For the reasons stated below, Plaintiff's motion is

26   DENIED.

27   ///

28   ///

                                    1

1

## BACKGROUND[1]

2

3       The present dispute arises out of a general agreement of
4   indemnity (hereinafter the "Indemnity Agreement") involving
5   Plaintiff and Defendant.  The Indemnity Agreement was entered
6   into on July 15, 1996.  (Mot. for Summ. J., Ex. B at 1.)
7   According to Plaintiff, the Indemnity Agreement was partially
8   based on Plaintiff's execution of bonds in favor of Defendant.
9   (Mot. for Summ. J. at 4:7-8.)

10       On January 12, 2000, two third-party subcontractors brought
11  an action against a bond issued on Defendant's behalf.  (Mot. for
12  Summ. J. at 5:13-14.)  Plaintiff allegedly incurred $496,024.77
13  in expenses and losses in settling this third-party lawsuit.
14  (Pl.'s Mot. for Summ. J. at 8:23-24, 9:12.)  Plaintiff claims
15  that by virtue of the Indemnity Agreement, Defendant is liable
16  for the resulting expenses and losses.

17       On June 25, 2003, Plaintiff brought suit against Defendant
18  for (1) express indemnity, (2) specific performance, (3) breach
19  of contract, and (4) reimbursement.  For purposes of this motion,
20  the Court is only concerned with Plaintiff's first and third
21  causes of action, express indemnity and breach of contract,
22  respectively.

23       On March 4, 2005, Plaintiff brought the present motion for
24  summary adjudication of its express indemnity and breach of
25  contract claims.  Plaintiff contends that the Indemnity

26
_____
27      [1] Some of the factual allegations as set forth in this
    section are disputed by the parties.  To the extent either party
    has interposed evidentiary objections to said allegations, those
28  objections are overruled unless otherwise noted.

Agreement, as well as the other evidence presented with the present motion, establishes that no genuine issue of material fact exists with regard to Defendant's liability for express indemnity and breach of contract.

In opposition, Defendant argues that genuine issues of material fact exist with regard to (1) the existence of a contract between Plaintiff and Defendant and (2) whether Plaintiff reasonably incurred the losses related to the third-party suit against the payment bond.  (Def.'s Opp. to Pl.s' Mot. for Summ. J. at 6:1, 7:4.)

**STANDARD**

The Federal Rules of Civil Procedure[2] provide for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party seeking to recover upon a claim . . . may . . . move . . . for a summary judgment in the party's favor upon all or any part

_____

[2] Unless otherwise stated, all further references to a "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1  thereof."); <u>see also</u> <u>Allstate Ins. Co. v. Madan</u>, 889 F. Supp.

2  374, 378-79 (C.D. Cal. 1995); <u>France Stone Co., Inc. v. Charter</u>

3  <u>Township of Monroe</u>, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

4       The standard that applies to a motion for summary

5  adjudication is the same as that which applies to a motion for

6  summary judgment.  <u>See</u> Fed. R. Civ. P. 56(a), 56(c); <u>Mora v.</u>

7  <u>ChemTronics</u>, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

8

9            Under summary judgment practice, the moving party
             always bears the initial responsibility of
10           informing the district court of the basis for its
             motion, and identifying those portions of 'the
11           pleadings, depositions, answers to
             interrogatories, and admissions on file together
12           with the affidavits, if any,' which it believes
             demonstrate the absence of a genuine issue of
13           material fact.

14  <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 323 (quoting Rule 56(c)).

15       If the moving party meets its initial responsibility, the

16  burden then shifts to the opposing party to establish that a

17  genuine issue as to any material fact actually does exist.

18  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574,

19  585-87 (1986); <u>First Nat'l Bank v. Cities Serv. Co.</u>, 391 U.S.

20  253, 288-89 (1968).

21       In attempting to establish the existence of a factual

22  dispute, the opposing party must tender evidence of specific

23  facts in the form of affidavits or admissible discovery material

24  in support of its contention that the dispute exists.  Fed. R.

25  Civ. P. 56(e).  As the Supreme Court explained, "[w]hen the

26  moving party has carried its burden under Rule 56(c), its

27  opponent must do more that simply show that there is some

28  metaphysical doubt as to the material facts . . . Where the

1  record taken as a whole could not lead a rational trier of fact
2  to find for the nonmoving party, there is no 'genuine issue for
3  trial.'" <u>Matsushita</u>, 475 U.S. at 586-87.

4      In resolving a summary judgment motion, the evidence of the
5  opposing party is to be believed, and all reasonable inferences
6  that may be drawn from the facts placed before the court must be
7  drawn in favor of the opposing party.  <u>Anderson</u>, 477 U.S. at 255.
8  Nevertheless, inferences are not drawn out of the air, and it is
9  the opposing party's obligation to produce a factual predicate
10  from which the inference may be drawn.  <u>Richards v. Nielsen</u>
11  <u>Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
12  <u>aff'd</u>, 810 F.2d 898 (9th Cir. 1987).

13
14                              **ANALYSIS**
15
16  **1. Plaintiff's Breach of Contract Claim.**
17
18      Plaintiff contends that Defendant is liable for breaching
19  the July 15, 1996 Indemnity Agreement.  To establish a breach of
20  contract under California law, Plaintiff must show the following:
21  (1) existence of a contract, (2) performance by the plaintiff or
22  excuse for nonperformance, (3) breach by the defendant, and (4)
23  damages.  <u>First Commercial Mortgage Co. v. Reece</u>, 89 Cal. App.
24  4th 731, 745 (2001); <u>Lortz v. Connell</u>, 273 Cal. App. 2d 286, 290
25  (1969).  For purposes of this motion, the Court need only address
26  the first and third elements: (1) whether a contract exists, and
27  (3), whether defendant breached the contract.
28      With regard to the first element, the existence of a

1  contract, the Court finds that a contract exists and that
2  Plaintiff can enforce the contract against Defendant.  The
3  Indemnity Agreement states that it is "executed and delivered . .
4  . by the principal . . . in favor of Surety." (Pl.'s Mot. for
5  Summ. Adjud., Ex. B at 1.)  Defendant signed the Indemnity
6  Agreement under the headings titled  "PRINCIPAL" and "INDIVIDUAL
7  INDEMNITORS." (Mot. for Summ. Adjud., Ex. B at 3, Ex. C at 3:14-
8  18.)  Furthermore, "Surety" is defined under the terms of the
9  contract to include "Gulf Insurance Company." (Pl.'s Mot. for
10 Summ. Adjud., Ex. B at 3.)  Therefore, the Court finds that the
11 agreement was executed by Defendant in favor of Plaintiff.  As
12 such, Plaintiff is a third-party beneficiary to the Indemnity
13 Agreement.

14      Under California Law, a third-party beneficiary can enforce
15 a contract made expressly for its benefit.  Cal. Civ. Code §
16 1559; San Diego Housing Com'n v. Industrial Indem. Co., 95 Cal.
17 App. 4th 669, 685 (2002); Shell v. Schmidt, 126 Cal. App. 2d 279,
18 290 (1954).  Thus, Plaintiff can enforce the Indemnity Agreement
19 against Defendant.

20      The evidence presented by Plaintiff demonstrates as a matter
21 of law that the Indemnity Agreement is enforceable against
22 Defendant.  Defendant's bare, self-serving allegations to the
23 contrary are not sufficient to raise a genuine issue of material
24 fact.  F.T.C. v. Publishing Clearing House, Inc., 104 F.3d 1168,
25 1171 (9th Cir. 1997) (noting that "[a] conclusory, self-serving
26 affidavit, lacking detailed facts and any supporting evidence, is
27 insufficient to create a genuine issue of material fact.").  See
28 Fed. R. Civ. P. 56(e) (2005); Celotex, 477 U.S. at 324.

1   With regard to the third element, whether defendant breached

2   the Indemnity Agreement, the Court finds that a genuine issue of

3   material fact exists.  Under the terms of the Indemnity

4   Agreement, Defendant is only bound by Plaintiff's settlement of a

5   third-party suit against the bonds if certain conditions are

6   satisfied:

7

8           A. Surety may pay or compromise any claim, demand,
            suit, judgment or expense arising out of any
9           Bond(s), and any such payment or compromise shall
            be binding upon the Undersigned and included as a
10          liability, loss or expense covered by this
            Agreement, <u>provided</u> the same was made by Surety in
11          the <u>reasonable belief</u> that it was liable for the
            amount disbursed, or that such payment or
12          compromise was <u>reasonable</u> under all the
            circumstances.

13
    (Pl.'s Mot. for Summ. Adjud., Ex. B at 1 (emphasis added))
14
        Thus, in order to determine whether Defendant is obligated
15
    to indemnify Plaintiff, the Court must ascertain whether (1)
16
    Plaintiff reasonably believed liability existed, or (2)
17
    Plaintiff's settlement of the third-party suit was reasonable.
18
    Questions of reasonableness are questions of fact, to be decided
19
    by a jury.  <u>Brasher's Cascade Auto Auction v. Valley Auto Sales</u>
20
    <u>and Leasing</u>, 119 Cal. App. 4th 1038, 1059 (2004).  <u>See</u> <u>also</u>
21
    <u>Barth-Wittmore Ins. v. H. R. Murphy Enterprises, Inc.</u>, 169 Cal.
22
    App. 3d 124, 131 (1985).
23
        Moreover, Defendant has presented evidence disputing the
24
    reasonableness of Plaintiff's underlying settlement of the third-
25
    party lawsuit.[3]  Specifically, Defendant states in his
26

27   _____

28      [3] The Court finds that Defendant did not violate Rule
                                              (continued...)

                                7

declaration that "[e]ven though POWER PROVIDERS [Defendant] maintained its position that ABB had defaulted on the Project and thus was not entitled to receive any more money than POWER PROVIDERS already paid, Gulf [Plaintiff] wanted to unilaterally settle the matter." (Decl. of Steve K. Zinnel at ¶ 18.)  Without knowing whether Plaintiff acted reasonably in settling the third-party suit, the Court cannot determine whether Defendant breached the contract at issue.  As such, the Court finds that a genuine issue of material fact exists.  Consequently, Plaintiff's motion for summary adjudication is denied with regard to its breach of contract claim.

**2. Plaintiff's Express Indemnity Claim**

      Plaintiff contends that Defendant is liable for express indemnity.  To establish a claim for express indemnity under California law, Plaintiff must show the following:(1) fault on behalf the indemnitor and (2) resulting damages to indemnitee for which the indemnitor is contractually liable.  <u>Expressions at Rancho Niguel Assoc. v. Ahmanson Dev., Inc.</u>, 86 Cal. App. 4th 1135, 1139 (2001).  For purposes of this motion, the Court need only address whether Defendant is contractually liable for Plaintiff's damages.

---

[3](...continued)
26(e)(2).  However, even if Defendant were in violation of Rule 26(e)(2), his "failure is harmless" because the substance of any new information in his declaration was conveyed to Plaintiff through Defendant's answer.  Fed. R. Civ. P. 37(c)(1)(2005). <u>See also</u> (Def.'s answer at 6:21.)

1   The Court finds that there is a genuine issue of material

2  fact as to whether Defendant is contractually liable for

3  Plaintiff's damages.  In order to determine contractual

4  liability, the Court must determine whether Defendant breached

5  the Indemnity Agreement.  As discussed in Section One above, the

6  Court finds that there exists a genuine issue of material fact as

7  to whether Defendant breached the Indemnity Agreement.

8  Consequently, Plaintiff's motion for summary adjudication is

9  denied with regard to its express indemnity claim.

11                          **CONCLUSION**

13   For the aforementioned reasons, Plaintiff's motion for

14  summary adjudication against Defendant with regard to its express

15  indemnity and breach of contract claims is DENIED.

17   IT IS SO ORDERED.

19  DATED: April 28, 2005.

21  _____

22  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

9